# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| AMIEE JASEMINE WILLIAMS ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 3:09-0135 |
| v. ) | Judge Wiseman / Knowles |
| ) | |
| MICHAEL ASTRUE, ) | |
| Commissioner of Social Security ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This is a civil action filed pursuant to 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security finding that Plaintiff was not disabled and denying Plaintiff Supplemental Security Income ("SSI"), as provided under the Social Security Act ("the Act"), as amended. The case is currently pending on Plaintiff's "Motion to show cause why this case should be reviewed," which the undersigned will construe as a Motion for Judgment on the Administrative Record.[1] Docket No. 23. Defendant has filed a Response, arguing that the decision of the Commissioner was supported by substantial evidence and should be affirmed. Docket No. 27. Plaintiff has filed a Reply.[2] Docket Entry No. 28.

---

[1] Plaintiff's "Motion to show cause why this case should be reviewed" is essentially a letter written by Plaintiff's sister, Delorise Williams, asking "the courts" to review Plaintiff's case and grant her disability. Plaintiff's sister is not a member of the bar of this Court, nor is there any indication in the Record that she is an attorney or that she has any authority to act on behalf of Plaintiff. The undersigned will, nevertheless, consider the Motion.

[2] Plaintiff's Reply is a copy of paperwork submitted by Plaintiff when she filed for disability in 2001.

1

For the reasons stated below, the undersigned recommends that Plaintiff's Motion be DENIED, and that the decision of the Commissioner be AFFIRMED.

## I. INTRODUCTION

Plaintiff filed her application for SSI on May 13, 2005, alleging that she had been disabled since September 15, 1998, due to hypertension, migraine headaches, anemia, a tumor on her right ovary, heart palpitations, and diabetes. Docket No. 12, Attachment ("TR"), TR 48-49, 58. Plaintiff's application was denied both initially (TR 97-103) and upon reconsideration (TR 107-112). Plaintiff subsequently requested (TR 33) and received (TR 28) a hearing. Plaintiff's hearing was conducted on Mach 28, 2008, by Administrative Law Judge ("ALJ") Carmen Graves. TR 265-294. Plaintiff and vocational expert ("VE") Michelle McBroom, appeared and testified. *Id*.

On May 1, 2008, the ALJ issued a decision unfavorable to Plaintiff, finding that Plaintiff was not disabled within the meaning of the Social Security Act and Regulations. TR 7-17. Specifically, the ALJ made the following findings of fact:

> 1. The claimant has not engaged in substantial gainful activity since the application date (20 CFR 416.920(b) and 416.971 *et seq*.).
>
> 2. The claimant has hypertension, degenerative joint disease, diabetes mellitus, anemia and obstructive sleep apnea, which are considered to be a "severe" combination of impairments, but not severe enough, either singly or in combination, to meet or medically [*sic*] the requirements set forth in the Listings of Impairments. Appendix I to Subpart P, Regulations No. 4.
>
> 3. After consideration of the entire record, the Administrative Law Judge finds that the claimant has the residual functional capacity to perform medium work; lift and carry 50 pounds occasionally and 25 pounds frequently; stand

|   |   |
|---|---|
|   | and walk six hours in an eight-hour workday; sit six hours in an eight-hour workday; with unlimited ability to push and pull; occasional ability [*sic*] kneel, crawl and climb ramps and stairs; but no ability to climb ladders, ropes or scaffolds; and an avoidance of exposure to machinery and heights. |
| 4. | The claimant has no past relevant work (20 CFR 416.965). |
| 5. | The claimant is 38 years old, described as a younger individual (20 CFR 416.963). |
| 6. | The claimant has a high school education and is able to communicate in English (20 CFR 416.964). |
| 7. | Transferability of job skills is not an issue in this decision (20 CFR 416.968). |
| 8. | Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.960(c), and 416.966). |
| 9. | The claimant has not been under a disability, as defined in the Social Security Act, since May 13, 2005, the date the application was filed (20 CFR 416.920(g)). |

TR 12-16.

On May 29, 2008, Plaintiff timely filed a request for review of the hearing decision. TR 6. On December 5, 2008, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner. TR 3-5. This civil action was thereafter timely filed, and the Court has jurisdiction. 42 U.S.C. §§ 405(g) and 1383(c)(3). If the Commissioner's findings are supported by substantial evidence, based upon the record as a whole, then these findings are conclusive. *Id*

## II. REVIEW OF THE RECORD

3

The Commissioner and the ALJ have thoroughly summarized and discussed the medical and testimonial evidence of Record, and the Court will discuss those matters only to the extent necessary to analyze Defendant's position that the decision of the Commissioner should be affirmed. It should be noted that Plaintiff's Motion does not raise any legal issues, nor does she propound any statements of error. Instead, Plaintiff's filing discusses Plaintiff's medication and ailments, contends that Plaintiff's ailments are worsening, and asks the Court to review Plaintiff's case and grant her disability "because she is not a healthy person."

### III. CONCLUSIONS OF LAW

#### A. Standards of Review

This Court's review of the Commissioner's decision is limited to the record made in the administrative hearing process. *Jones v. Secretary*, 945 F.2d 1365, 1369 (6th Cir. 1991). The purpose of this review is to determine (1) whether substantial evidence exists in the record to support the Commissioner's decision, and (2) whether any legal errors were committed in the process of reaching that decision. *Landsaw v. Secretary*, 803 F.2d 211, 213 (6th Cir. 1986).

"Substantial evidence" means "such relevant evidence as a reasonable mind would accept as adequate to support the conclusion." *Her v. Commissioner*, 203 F.3d 388, 389 (6th Cir. 1999) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Substantial evidence" has been further quantified as "more than a mere scintilla of evidence, but less than a preponderance." *Bell v. Commissioner,* 105 F.3d 244, 245 (6th Cir. 1996) (*citing Consolidated Edison Co. v. N.L.R.B.,* 305 U.S. 197, 229 (1938)).

The reviewing court does not substitute its findings of fact for those of the Commissioner if substantial evidence supports the Commissioner's findings and inferences. *Garner v. Heckler*,

745 F.2d 383, 387 (6th Cir. 1984). In fact, even if the evidence could also support a different conclusion, the decision of the Administrative Law Judge must stand if substantial evidence supports the conclusion reached. *Her*, 203 F.3d at 389 (*citing Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). If the Commissioner did not consider the record as a whole, however, the Commissioner's conclusion is undermined. *Hurst v. Secretary*, 753 F.2d 517, 519 (6th Cir. 1985) (*citing Allen v. Califano,* 613 F.2d 139, 145 (6th Cir. 1980) (*citing Futernick v. Richardson,* 484 F.2d 647 (6th Cir. 1973))).

In reviewing the decisions of the Commissioner, courts look to four types of evidence: (1) objective medical findings regarding Plaintiff's condition; (2) diagnosis and opinions of medical experts; (3) subjective evidence of Plaintiff's condition; and (4) Plaintiff's age, education, and work experience. *Miracle v. Celebrezze*, 351 F.2d 361, 374 (6th Cir. 1965).

### B. Proceedings At The Administrative Level

The claimant carries the ultimate burden to establish an entitlement to benefits by proving his or her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "Substantial gainful activity" not only includes previous work performed by Plaintiff, but also, considering Plaintiff's age, education, and work experience, any other relevant work that exists in the national economy in significant numbers regardless of whether such work exists in the immediate area in which Plaintiff lives, or whether a specific job vacancy exists, or whether Plaintiff would be hired if he or she applied. 42 U.S.C. § 423(d)(2)(A).

At the administrative level of review, the claimant's case is considered under a five-step

5

sequential evaluation process as follows:

> (1) If the claimant is working and the work constitutes substantial gainful activity, benefits are automatically denied.
>
> (2) If the claimant is not found to have an impairment which significantly limits his or her ability to work (a "severe" impairment), then he or she is not disabled.
>
> (3) If the claimant is not working and has a severe impairment, it must be determined whether he or she suffers from one of the "listed" impairments[3] or its equivalent. If a listing is met or equaled, benefits are owing without further inquiry.
>
> (4) If the claimant does not suffer from any listing-level impairments, it must be determined whether the claimant can return to the job he or she previously held in light of his or her residual functional capacity (e.g., what the claimant can still do despite his or her limitations). By showing a medical condition that prevents him or her from returning to such past relevant work, the claimant establishes a *prima facie* case of disability.
>
> (5) Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner to establish the claimant's ability to work by proving the existence of a significant number of jobs in the national economy which the claimant could perform, given his or her age, experience, education, and residual functional capacity.

20 C.F.R. §§ 404.1520, 416.920 (footnote added). *See also Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

The Commissioner's burden at the fifth step of the evaluation process can be satisfied by relying on the medical-vocational guidelines, otherwise known as "the grid," but only if the claimant is not significantly limited by a nonexertional impairment, and then only when the claimant's characteristics identically match the characteristics of the applicable grid rule.

---

[3] The Listing of Impairments is found at 20 C.F.R., Pt. 404, Subpt. P, App. 1.

Otherwise, the grid cannot be used to direct a conclusion, but only as a guide to the disability determination. *Id.* In such cases where the grid does not direct a conclusion as to the claimant's disability, the Commissioner must rebut the claimant's *prima facie* case by coming forward with particularized proof of the claimant's individual vocational qualifications to perform specific jobs, which is typically obtained through vocational expert testimony. *See Varley v. Secretary*, 820 F.2d 777, 779 (6th Cir. 1987).

In determining residual functional capacity for purposes of the analysis required at stages four and five above, the Commissioner is required to consider the combined effect of all the claimant's impairments; mental and physical, exertional and nonexertional, severe and nonsevere. *See* 42 U.S.C. § 423(d)(2)(B).

## C. Plaintiff's Submissions

As has been discussed above, Plaintiff's Motion does not raise any legal issues or any relevant factual matters. The Court has previously recognized that Plaintiff apparently suffers from a variety of ailments and takes a variety of medication. Docket No. 20. As the Court has also previously recognized, however, these circumstances do not render Plaintiff disabled within the meaning of the Social Security Act and Regulations. *Id.*

In order to be found disabled within the meaning of the Social Security Act and Regulations, Plaintiff carries the ultimate burden to establish an entitlement to benefits by proving her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Record in the case at bar fails to so demonstrate. Moreover, the ALJ properly followed the requisite five-step sequential

7

evaluation of disability as set forth in the Regulations.

Because the ALJ properly evaluated the medical and testimonial evidence, and because substantial evidence supports the ALJ's determination that Plaintiff was not disabled within the meaning of the Social Security Act and Regulations, the ALJ's decision must stand.

## IV.  RECOMMENDATION

For the reasons discussed above, the undersigned recommends that Plaintiff's "Motion to show cause why this case should be reviewed" be DENIED, and that the decision of the Commissioner be AFFIRMED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections.  Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge